IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DENZEL CHANDLER,
    Petitioner,

v.                                Civil No. 3:22cv123 (DJN)

HAROLD CLARKE,
    Respondent.

**MEMORANDUM OPINION**

Denzel Chandler ("Petitioner"), a Virginia prisoner proceeding *pro se*, brings this petition

pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his convictions in the

Circuit Court for the City of Norfolk ("Circuit Court"). Respondent has moved to dismiss, *inter*

*alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars

the § 2254 Petition. As explained below, the Motion to Dismiss (ECF No. 12) will be

GRANTED, and the § 2254 Petition (ECF No. 1) will be DENIED as untimely.[1]

**I. PROCEDURAL HISTORY**

Following a jury trial, Petitioner was convicted of one count of possession of a Schedule I

or II controlled substance with the intent to distribute and one count of possession of a firearm

while committing possession with intent to distribute. (ECF No. 14–7, at 1.) Petitioner

appealed. (*Id.* at 2.) On November 14, 2019, the Supreme Court of Virginia refused Petitioner's

appeal. (*Id.*)

---

[1]     The Court corrects the capitalization, spelling and punctuation and omits emphasis and
symbols in the quotations from the parties' submissions. The Court employs the pagination
assigned by the CM/ECF docketing system.

On October 19, 2020, Petitioner filed a petition for a writ of habeas corpus with the

Circuit Court. (*Id.*) On February 12, 2021, the Circuit Court denied the petition for a writ of

habeas corpus. (*Id.* at 36.) Petitioner did not pursue a further appeal to the Supreme Court of

Virginia. (ECF No. 14, at 2.)

On March 2, 2022, this Court received Petitioner's § 2254 Petition.[2] The § 2254 Petition

is deemed filed as of February 18, 2022.[3] Petitioner raises the following claims:

Claim One:     The evidence was insufficient to convict Petitioner. (ECF No. 1, at 22.)

Claim Two:     The prosecution violated *Brady v. Maryland*, when it failed to obtain and
               disclose video footage that would have exonerated Petitioner. (*Id.* at 27.)

Claim Three:   Petitioner failed to receive the effective assistance of counsel.
               (a) Counsel failed to object to the joinder of his trial with that of his
               codefendant. (*Id.* at 27–28.)
               (b) Counsel failed to seek a cautionary instruction with respect to
               Petitioner's codefendant. (*Id.* at 29–30.)
               (c) Counsel failed to seek a cautionary instruction regarding Colvard's
               identification of Petitioner at trial. (*Id.* at 30.)
               (d) Counsel failed to provide Petitioner with a copy of discovery. (*Id.* at
               32.)
               (e) Counsel failed to conduct an adequate investigation. (*Id.* at 33–34.)
               (f) Counsel failed to file a motion to suppress. (*Id.* at 36.)

---

[2]      At one point, Petitioner indicates that he executed his § 2254 Petition on September 9,
2021. (ECF No. 1, at 14.) However, it is clear that he did not mail the § 2254 Petition to the
Court on that date.

[3]      Petitioner does not specify when he placed his original federal habeas petition in the
prison mailing system; however, the § 2254 Petition contains Petitioner's notarized signature
with a date of February 18, 2022. (ECF No. 1, at 39.) The Court deems the § 2254 Petition
filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding a *pro se* prisoner's
notice of appeal was filed at the time the petitioner delivered it to prison authorities to forward to
the court clerk).

## II. ANALYSIS

### A.     Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended

28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ

of habeas corpus by a person in custody pursuant to the judgment of a state court.  Specifically,

28 U.S.C. § 2244(d) now reads:

1.     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

   (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2.     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.    Commencement and Running of the Statute of Limitations**

Petitioner's judgment became final on Wednesday, February 12, 2020,[4] when the time to

file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir.

2002) ("[T]he one-year limitation period begins running when direct review of the state

conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28

U.S.C. § 2244(d)(1)(A))).  The limitation ran for 249 days before Chandler filed his state habeas

petition on October 19, 2020. *See* 28 U.S.C. § 2244(d)(2).  The limitation period recommenced

when the Circuit Court denied the petition and ran for additional 370 days before Petitioner filed

his § 2254 Petition with this Court.

Consequently, the one-year statute of limitations bars Petitioner's § 2254 Petition unless

Petitioner can demonstrate entitlement to a belated commencement of the limitations period or

that some equitable exception allows him to avoid the statute of limitations.  Neither Petitioner

nor the record suggests any plausible basis for a belated commencement of the limitations period

under 28 U.S.C. § 2244(d)(1)(B)–(D).  Furthermore, as explained below, Petitioner fails to

demonstrate entitlement to equitable tolling of the limitation period.[5]

---

[4] On March 19, 2020, the Supreme Court of the United States extended the time for filing
a petition for a writ of certiorari from 90 days to 150 days due to the COVID-19 pandemic. *See
United States v. Spencer*, No. 22-6773, 2022 WL 17660979, at *1 (4th Cir. Dec. 9, 2022)
(citation omitted).  "The Supreme Court rescinded this order on July 19, 2021 . . . ." *Id.* at
*1 n.2.  Because Petitioner was required to file any petition for a writ of certiorari before March
19, 2020, this extension does not impact when his conviction became final.

[5]      To the extent that Petitioner suggests his innocence allows the Court to ignore the statute
of limitations, he fails to supplement this suggestion with the requisite evidence of his actual
innocence. *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at *5 (E.D. Va. Dec. 30, 2010)
(citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997); *Feaster v. Beshears*, 56 F.
Supp. 2d 600, 610 (D. Md. 1999)).  Therefore, the Court will not consider the issue further.

4

## C.   Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *Holland v.*

*Florida*, 560 U.S. 631, 645-46 (2010).  The Supreme Court has "made clear that a 'petitioner' is

'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.*

at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  An inmate asserting equitable

tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements

of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*,

512 F.3d 1304, 1307 (11th Cir. 2008)).  Generally, the petitioner is obliged to specify "the steps

he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d

976, 978 (10th Cir. 1998)).

Petitioner asserts that the Court should consider his § 2254 Petition timely because:  (1)

he was transferred to three different prisons; (2) he has a tenth-grade education and is not skilled

in the law; and (3) he has to rely on other offenders for assistance, but because of his medical

condition and the COVID-19 pandemic he could not be in contact with some offenders.  (ECF

No. 1, at 19–20.)  None of these circumstances are so extraordinary as to warrant equitable

tolling.

"Transfers between prison facilities, solitary confinement, lockdowns, restricted access to

the law library and an inability to secure court documents do not qualify as extraordinary

circumstances." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (footnote

omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)).  Additionally, "even

in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."

*United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citation omitted).  Further, "[a]s a

5

general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *Id.* at 513 (citing *Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998)).

Additionally, Petitioner has failed to demonstrate that he exercised diligence in seeking to file his § 2254 Petition in the many months since his convictions became final. *Yang*, 525 F.3d at 928 (quoting *Brown*, 512 F.3d at 1307); *Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights" (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))). Accordingly, Petitioner's § 2254 Petition is time-barred.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 12) will be GRANTED. Petitioner's § 2254 Petition (ECF No. 1) will be DENIED. Petitioner's Motion for the Appointment of Counsel (ECF No. 19) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner and counsel of record.

_____ /s/

David J. Novak
United States District Judge

Richmond, Virginia
Dated: June 27, 2023

6