IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DENZEL CHANDLER,
Petitioner,

v.  Civil No. 3:22cv123 (DJN)

HAROLD CLARKE,
Respondent.

## MEMORANDUM OPINION

Denzel Chandler ("Petitioner"), a Virginia prisoner proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his convictions in the Circuit Court for the City of Norfolk ("Circuit Court"). By Memorandum Opinion and Order entered on June 27, 2023, the Court dismissed the § 2254 Petition, because it was barred by the relevant one-year statute of limitations. (ECF Nos. 22, 23.) Petitioner appealed. (ECF No. 27.) On February 6, 2024, the United States Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal. (ECF No. 35.) The matter is before the Court on Petitioner's Motion for relief under Federal Rule of Civil Procedure 60(b)(6). ("Rule 60(b)(6) Motion," ECF No. 33.) For the reasons that follow, the Rule 60(b)(6) Motion will be DENIED.

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party."

*Coleman v. Jabe*, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). A party must also demonstrate "exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (quoting *Werner*, 731 F.2d at 207).

Petitioner relies on Rule 60(b)(6) to bring this motion. Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) requires that the movant "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Shanklin v. Seals*, 2011 WL 2470119, at *2 (E.D. Va. June 21, 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Petitioner contends that he is entitled to relief because he:

> can prove through exhibits that he does suffer from psychosis, which also contributes to his inability to file particular legal documents himself, and that he also suffers from a serious heart condition which both prevented him from personally being able to file his 2254 habeas corpus petition, and likewise him from seeking out assistance from other offenders during the Covid-19 pandemic lockdown to assist him in the filing, he wasn't able to meet the . . . one year statute of limitations. He is entitled to equitable tolling under Federal Rule of Civil Procedure 60(b)(6), extraordinary circumstance.

(ECF No. 33, at 2 (punctuation corrected).)

The Fourth Circuit has concluded that "the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of *profound mental incapacity*." *Justus v. Clarke*, 78 F.4th 97, 114 (4th Cir. 2023) (quoting *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004)), *cert. denied sub nom. Dotson v. Justus*, 2024 WL 1241330 (U.S. Mar. 25, 2024). In *Justus*, the Fourth Circuit remanded the case to "the district court with instructions to conduct an evidentiary hearing on whether Justus's mental condition during the relevant period constitutes

2

an 'extraordinary circumstance' that justifies relief under Rule 60(b)(6) and entitles him to equitable tolling of the statute of limitations governing his habeas petition." *Id.* at 117. In that case, Justus:

> provided extensive evidence that he is severely mentally ill. Following his arrest, Justus was twice found incompetent to stand trial. And, although the Circuit Court rejected Justus's insanity defense, it recognized at sentencing that "there is substantial evidence in this case that the defendant suffers from some very serious mental health problems." J.A. 180. In particular, there is significant evidence—including his treating psychologist's trial testimony and his post-conviction medical records—establishing that when unmedicated, Justus's functioning deteriorates and he experiences depression and psychotic symptoms, such as paranoia and perceptual disturbances.

*Id.* at 115.

Chandler has not provided any evidence that he was or is severely mentally ill. Accordingly, his Rule 60(b)(6) Motion (ECF No. 33) will be DENIED. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner and counsel of record.

                                                       /s/
                                      David J. Novak
Richmond, Virginia                    United States District Judge
Dated: April 15, 2024